<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANGELO J. VALENTI,<br><br>        Plaintiff,<br><br>v.<br><br>MAHER TERMINALS LLC, et al.,<br><br>        Defendants. | Civil Action No. 14-7897(JLL) (JAD)<br><br>**OPINION** |

**LINARES,** District Judge.

This matter comes before the Court on a Motion to Dismiss Plaintiff's Amended Complaint by Defendants Maher Terminals LLC, Patrick Cicalese, Sr., Patrick Cicalese, Jr., and James Cicalese pursuant to Fed. R. Civ. P. 12(b)(6). The Court has considered the parties' submissions and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, Defendants' Motion to Dismiss is denied.

## I.    BACKGROUND

Defendant, Maher Terminals LLC, is a marine terminal operator and operates Maher Container Terminal at Port Elizabeth. (Amd. Cmp., ¶ 14). Plaintiff has been employed as a "casual checker" for the past 20 years, mainly by Defendant Maher. (*Id.*, ¶ 17). Plaintiff claims that he was almost exclusively assigned to the Maher Plan Department from 2004 through 2009, which, according to him, is a desirable position due to the working conditions and the potential for higher earnings. (*Id.*, ¶ 19). Plaintiff also claims that he holds a seniority designation of "Q" and that ILA Local has four other checkers of that designation, all of whom are usually hired by one terminal for the majority of their career. (*Id.*, ¶ 18).

Plaintiff alleges that in January 2009, his wife was diagnosed with a serious health condition. (*Id.*, ¶ 21). In September 2009, he claims that he discussed with Defendant Patrick Cicalese, Sr. ("Cicalese, Sr.") the use of intermittent leave. (*Id.*, ¶ 23). He alleges that Cicalese, Sr. stated that he was not willing to provide this accommodation. (*Id.*, ¶ 24). Plaintiff claims that shortly after this encounter he was assigned to Maher Processing Department instead of the Maher Plan Department. (*Id.*, ¶ 25). Plaintiff claims that this reassignment was an adverse employment action that was taken in response to his request for leave. (*Id.*, ¶ 26). He also claims that he was not hired by Maher Terminals on the weekends and was assigned to different terminals in retaliation for his request. (*Id.*, ¶ 28). Plaintiff states that his wife and two stepsons are all disabled. (*Id.*, ¶ 21). Plaintiff claims that he has filed a total of eight grievances because of the retaliatory conduct directed at him. (*Id.*, ¶ 64).

In light of the foregoing, Plaintiff commenced this action on December 19, 2014. (ECF No. 1). Defendants moved to dismiss the Complaint in its entirety on March 12, 2015, (ECF No. 5), but the Plaintiff sought permission to file an Amended Complaint. (ECF No. 10). The Court granted Plaintiff's Motion to File an Amended Complaint and denied Defendants' Motion to Dismiss without prejudice. (ECF No. 12). Plaintiff's Amended Complaint alleges the following claims: Unlawful Denial of Leave under the Family Medical Leave Act ("FMLA") (Count 1); Retaliation and Hostile Work Environment for Exercising Rights Under the FMLA (Count 2); Violations of the New Jersey Family Leave Act ("NJFLA") (Count 3); Discrimination Due to Association with Disabled Persons in Violation of the New Jersey Law Against Discrimination ("NJLAD") (Count 4); and Civil Conspiracy (Count 5). (Amd. Cmp., ¶¶ 69-114). Currently before the Court is Defendants' Motion to Dismiss Plaintiff's Amended Complaint pursuant to Rule 12(b)(6).

## II. LEGAL STANDARD

For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Federal Rule of Civil Procedure 8(a)(2) requires 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 545 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

In evaluating the sufficiency of a complaint, a court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the non-moving party. *See Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Further, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555, 557). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Thus, legal conclusions draped in the guise of factual allegations may not benefit from the presumption of truthfulness. *Id.* Additionally, in evaluating a plaintiff's claims, generally "a court looks only to the facts alleged in the complaint and its attachments without reference to other parts of the record." *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3rd Cir. 1994).

## III. DISCUSSION

Defendants move to dismiss Plaintiff's Amended Complaint, first by arguing that Plaintiff's claims under the FMLA and NJFLA (Counts 1, 2, and 3) are barred by the applicable

statute of limitations and that these claims must fail because Plaintiff did not suffer an adverse employment action as a result of his request for intermittent leave. (Def.'s Br. at 5-7). Next, Defendants assert that Plaintiff's NJLAD claim (Count 4) should be dismissed because Plaintiff does not claim that he is disabled, but rather, that he is associated with disabled people; because this claim is barred by the applicable statute of limitations; and because he did not engage in protected activity. (*Id.* at 8-9). Finally, Defendants argue that Plaintiff's civil conspiracy claim (Count 5) must be dismissed as a matter of law because a civil conspiracy cannot lie between a corporation and its agent acting within the scope of his employment. (*Id.* at 10).

Plaintiff opposes dismissal of his claims under the FMLA and NJFLA, arguing that his claims are not barred by the applicable statute of limitations because the discriminatory and retaliatory conduct alleged is part of an ongoing and continuous course of conduct and that he did suffer an adverse employment action as a result of his leave request. (Pl.'s Br. at 5-7). He also maintains that his claims under NJLAD are viable because NJLAD protects employees from discrimination based upon their association with disabled people. (*Id.* at 8-9). Finally, Plaintiff argues that he has properly pled a civil conspiracy as to the individual Defendants. (*Id.* at 10).

 A. <u>Plaintiff Properly States Claims of Relief under the FMLA and NJFLA</u>

 1. <u>FMLA</u>

The FMLA provides that "an eligible employee shall be entitled to a total of 12 workweeks of leave during any 12–month period ... [i]n order to care for the spouse, or a son, daughter, or parent, of the employee, if such spouse, son, daughter, or parent has a serious health condition." 29 U.S.C. § 2612(a)(1)(C). The FMLA also provides that "any eligible employee who takes leave under [the FMLA] ... shall be entitled, on return from such leave—(A) to be restored by the employer to the position of employment held by the employee when the leave

4

commenced; or (B) to be restored to an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment." 29 U.S.C. § 2614(a).  Employers may not "interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under [the FMLA]." 29 U.S.C. § 2615(a).

   2. NJFLA

Under the NJFLA, an employee is entitled to "a family leave of 12 weeks in any 24–month period upon advance notice to the employer ... [i]n the case of a family member who has a serious health condition." N.J.S.A. § 34:11B–4.  Like the FMLA, the NJFLA also provides that an employee taking leave under the NJFLA is "entitled to be restored by the employer to the position held by the employee when the leave commenced or to an equivalent position of like seniority, status, employment benefits, pay, and other terms and conditions of employment." N.J.S.A. § 34:11B–7.

"Due to the similarity of the statutes, courts apply the same standards and framework to claims under the FMLA and the NJFLA." *Wolpert v. Abbott Labs.*, 817 F.Supp.2d 424, 437 (D.N.J. 2011) (citing *Santosuosso v. NovaCare Rehabilitation*, 462 F.Supp.2d 590, 596 (D.N.J. 2006)). Thus, this Court will address Plaintiff's interference and retaliation claims under the FMLA and the NJFLA together.

   3. Retaliation under FMLA/NJFLA

"To establish a prima facie claim for retaliation under the FMLA and NJFLA, the plaintiff must demonstrate that: (1) she took a FMLA/NJFLA leave; (2) she suffered from an adverse employment decision; and (3) the adverse decision was causally related to her FMLA/NJFLA leave." *Truesdell v. Source One Personnel Inc.*, No. 07–1926, 2009 U.S. Dist. LEXIS 48703, at *14, 2009 WL 1652269 (D.N.J. June 9, 2009) (citing *Santosuosso*, 462

F.Supp.2d at 596) (citing *Conoshenti v. Public Serv. Elec. & Gas Co.*, 364 F.3d 135, 146 (3d Cir.2004)).

Once a plaintiff establishes a prima facie retaliation claim under the FMLA and NJFLA, the claims are analyzed under the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L.Ed.2d 668 (1973).  See *Truesdell*, 2009 U.S. Dist. LEXIS 48703, at *14, 2009 WL 1652269; see also *Colicchio v. Merck & Co.*, No. 080–3593, 2013 U.S. Dist. LEXIS 10029, at *2, 2013 WL 310390 (D.N.J. Jan. 25, 2013) (observing that "New Jersey courts use the *McDonnell Douglas analysis* to decide [NJ]FLA retaliation claims.") (citation omitted).  Under this framework, a plaintiff must first establish a prima facie case by a preponderance of the evidence.  See *McDonnell Douglas*, 411 U.S. at 802.  The burden then shifts to the defendant to articulate "some legitimate, nondiscriminatory reason for" its actions.  *Id.*  If the defendant satisfies this burden, the plaintiff must then prove that the defendant's purportedly legitimate reason is merely a pretext for discrimination.  See *id.* at 804-05.  To do this, "the plaintiff must point to some evidence from which a factfinder could reasonably either (1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action."  See *Fuentes v. Perskie*, 32 F.3d 759, 764 (3d Cir. 1994) (applying *McDonnell Douglas* framework in employment discrimination case brought under Title VII).

  4.  <u>Statue of Limitations</u>

Defendants seek to dismiss the FMLA and NJFLA claims by arguing that the claims are barred by the applicable statutes of limitations and that Plaintiff did not suffer an adverse employment action as a result of his leave request.  The statute of limitations argument fails at this point because Plaintiff need not anticipate Defendants' affirmative defenses, see *Schmidt v.*

6

*Skolas*, 770 F.3d 241, 251 (3d Cir. 2014), and there is a valid continuing harm argument. The continuing violation doctrine allows a worker to aggregate related events and make a hostile work environment claim as long as the worker can show that all acts which constitute the claim are part of the same unlawful employment practice and that at least one act falls within the statute of limitations. *Nat'l R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 105 (2002). Plaintiff has adequately pled a continuing violation as the Amended Complaint claims that as a result of Defendants' violations of the NJFLA and FMLA, "Plaintiff has suffered and continues to suffer loss of his rightful employment and the attendant wages and benefits." (Amd. Cmp., ¶¶ 80, 89).

     5. Adverse Employment Action

An adverse employment action has been defined in the Third Circuit as "an action that a reasonable employee would have found to be materially adverse, 'such that the action well might have dissuaded a reasonable worker from taking a protected action.'" *Greineder v. Masonic Homes of the R.W. Grand Lodge*, 2014 U.S. Dist. LEXIS 56269 (E.D. Pa. Apr. 23, 2014) (quoting *Kasper v. Cnty. of Bucks*, 514 Fed. App'x 210, 216 (3d Cir. 2013) (quoting *Burlington N. & Santa Fe. Ry. Co. v. White*, 548 U.S. 53, 68, (2006))). Defendants claim that changes in Plaintiff's job assignments or lateral transfers do not qualify as adverse employment actions under this standard. (Def.'s Br. at 8). While Plaintiff does not allege a firing or demotion in the typical sense, that is not necessary to prove an adverse employment action. A Plaintiff must show only that a reasonable person would believe their working conditions had been altered to establish an adverse employment action. *Ivan v. Cnty. of Middlesex*, 595 F. Supp. 2d 425, 451 (D.N.J. 2009) (citing *Baliko v. Int'l Union of Operating Engineers*, 730 A.2d 895 (App. Div. 1999). Given the unique nature of the hiring process for "casual checkers," the Plaintiff has met

7

his burden of pleading sufficient facts to claim adverse employment action by showing that his working conditions and work opportunities changed dramatically for the worse after he requested intermittent leave and filed grievances.  (Amd. Cmp., ¶¶ 25, 28, 44, etc.)  For these reasons, the Motion to Dismiss the Plaintiff's FMLA and NJFLA claims is denied.

### B.  Plaintiff Properly States a Claim of Relief under the NJLAD

In order to establish a prima facie case of disability discrimination for failure to accommodate under the NJLAD, a plaintiff must first present the prima facie elements required in any LAD disability discrimination claim:  (1) plaintiff was disabled within the meaning of the statute; (2) plaintiff was qualified to perform the essential functions of the position of employment [with or without accommodation]; and (3) plaintiff suffered an adverse employment action because of the disability.  *Victor v. State*, 401 N.J.Super. 596, 614 (App. Div. 2008), cert. granted, 199 N.J. 542, 973 A.2d 946 (2009).  The first element of this claim is challenged here, as Plaintiff claims that Defendant Maher violated the NJLAD by retaliating against him due to his association with disabled persons, (Amd. Cmp., ¶ 104), while Defendants argue that the NJLAD does not protect employees from discrimination due to an employee's association with a disabled person.  (Def.'s Br. at 8).  Defendants also challenge Plaintiff's NJLAD claim by stating that the claim is barred by the applicable statute of limitations, that Defendants did not have an obligation to "reasonably accommodate" Plaintiff because he did not allege he was disabled, and that Plaintiff did not plead facts sufficient to support a viable claim for retaliation.  (*Id.*)

The Third Circuit has recognized that there is an associational right under the NJLAD, as in the Court in *Downs v. U.S. Pipe & Foundry Co.,* 441 F. Supp. 2d 661, 665 (D.N.J. 2006), "conclude[d] that the New Jersey Supreme Court would hold that NJLAD bars employment discrimination based upon a person's association with a person with a disability."  *Id.*; *see also*

8

*Pascucci v. Twp. of Irvington*, 46 Fed.Appx. 114, 117 (3d Cir. 2002).  Plaintiff has met the burden of pleading sufficient facts showing a plausible claim protected by this associational right under the NJLAD, and therefore the Defendants' arguments concerning this associational right and Plaintiff failing to allege he was disabled must fail.  The Defendants' statute of limitations argument also fails, because Plaintiff pled sufficient facts showing that the alleged violations have been ongoing and continue to this day.  (Amd. Cmp*.,* ¶ 99).  Finally, Defendants' argument that Plaintiff has not alleged sufficient facts to support a viable claim of retaliation because only Plaintiff's February 2012 grievance was filed in response to retaliation must fail, as the Amended Complaint clearly states, "Plaintiff has filed a total of eight (8) grievances with regard to the retaliatory treatment and has received no relief."  (*Id*., ¶ 64). For these reasons, the Motion to Dismiss Plaintiff's NJLAD claims is denied.

     C.  <u>Plaintiff Properly States a Claim of Relief for Civil Conspiracy</u>

A claim of civil conspiracy requires the "combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means, the principal element of which is an agreement between the parties to inflict a wrong against or an injury upon another, and an overt act that results in damage." *LoBiondo v. Schwartz*, 970 A.2d 1007, 1029 (N.J. 2009).  Defendants assert, and Plaintiff concedes, that a claim for civil conspiracy may not be maintained between a corporation and one of its agents.  *See Heffernan v. Hunter*, 189 F.3d 405, 413 (3d Cir. 1999).  In the Amended Complaint, however, Plaintiff has removed Maher Corporation from this claim and asserts a civil conspiracy exists between the individual Defendants.  Plaintiff has cured the defect alleged by the Defendants with respect to this claim, therefore Defendants' motion to dismiss this claim is denied.

9

## IV. CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss is denied. An appropriate Order accompanies this Opinion.

DATED: June 29, 2015

                                              s/ Jose L. Linares
                                              JOSE L. LINARES
                                              U.S. DISTRICT JUDGE