**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANGELO VALENTI, <br><br> Plaintiff, <br><br> v. <br><br> MAHER TERMINALS LLC, PATRICK CICALESE, SR., PATRICK CICALESE, JR., JAMES CICACLESE, JOHN DOES 1-10 (fictitious individuals), and ABC CORPS. 1-10 (fictitious companies), <br><br> Defendants. | Civil Action No.: 14-7897 (JLL) (JAD) <br><br> **OPINION** |

**LINARES**, District Judge.

This matter comes before the Court by way of the Motion for Judgment on the Pleadings filed by Defendants Maher Terminals LLC, Patrick Cicalese, Sr., Patrick Cicalese, Jr., and James Cicalese (ECF No. 33) under Federal Rule of Civil Procedure 12(c). The Court has considered the parties' submissions and decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court denies the motion.

## FACTUAL BACKGROUND

The Court hereby incorporates and adopts the factual background as set forth in the Court's June 30, 2015 Opinion. (ECF No. 22 at 1-2.)[1]

## PROCEDURAL HISTORY

---

[1] The Court notes that, in the instant motion, Defendants expand upon the factual background that appears in this Court's prior opinion. However, Defendant does so in large part by relying on extraneous documents. (*See* ECF No. 33-1 ("Mov. Br.") at 3-6; *see also* ECF No. 33-2, DeNoia Cert.) For the reasons explained *infra*, the Court declines to substantively review these documents at this time.

On December 19, 2014, Plaintiff filed a five-count complaint in this Court alleging (1) unlawful denial of leave under FMLA, (2) retaliation for exercising rights under FMLA, (3) violation of the New Jersey Family Leave Act, (4) discrimination due to association with disabled persons, and (5) civil conspiracy. (ECF No. 1 ("Compl.").) Defendants moved to dismiss (ECF No. 5), but the motion was terminated as moot in light of this Court's Order granting Plaintiff leave to amend. (ECF No. 12.) Defendants moved to dismiss the Amended Complaint on March 12, 2015. (ECF No. 17.)

On June 30, 2015, the Court issued an opinion and order denying the motion to dismiss. (ECF No. 22.) The Court first concluded that the Amended Complaint sufficiently stated claims for relief under the FMLA and NJFLA. The Court found that Plaintiff had adequately alleged (i) "continuing violations" sufficient to avoid dismissal under the statute of limitations, and (ii) an adverse employment action premised on worsened work conditions and opportunities. (*Id.* at 3-8.) Next, the Court found that Plaintiff had sufficiently stated a claim under the NJLAD, concluding that the Amended Complaint adequately alleged an "associational right" to relief, in addition to "continuing violations" and retaliation. (*Id.* at 8-9.) Finally, the Court concluded the civil conspiracy claim could proceed, since the Plaintiff had removed Maher as one of the defendants for that cause of action. (*Id.* at 9.)

Defendants filed an Answer to the Amended Complaint on July 14, 2015. (ECF No. 24 ("Amd. Compl.").) On April 15, 2016, after retaining new counsel, Defendants filed a motion for judgment on the pleadings under Rule 12(c), in which they present new evidence and new arguments not raised in the previous motion to dismiss. (Mov. Br.) Plaintiff filed Opposition to

the motion on May 27, 2016 (ECF No. 36 ("Opp. Br.")) and Defendants replied on June 13, 2016(ECF No. 40. ("Reply Br.")) The matter is now ripe for adjudication.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "The pleadings are considered to be 'closed' after the complaint and answer have been filed, along with any reply to additional claims asserted in the answer." *Liberty Int'l Underwriters Canada v. Scottsdale Ins. Co.*, 955 F. Supp. 2d 317, 323 (D.N.J. 2013) (citation omitted). When a party makes a motion for judgment on the pleadings based on the defense of failure to state a claim upon which relief can be granted, the Court "appl[ies] the same standards as under Rule 12(b)(6)." *Turbe v. Gov't of Virgin Islands*, 938 F.2d 427, 428 (3d Cir.1991); *see Caprio v. Healthcare Revenue Recovery Grp., LLC*, 709 F.3d 142, 146 (3d Cir. 2013).

To withstand a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).) "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556.) "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

To determine the sufficiency of a complaint under *Twombly* and *Iqbal* in the Third Circuit, the court must take three steps: first, the court must take note of the elements a plaintiff must plead

to state a claim; second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (citations omitted.) "The defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing Kehr *Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

"In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of the public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010.) The Court's role is not to determine whether the non-moving party "will ultimately prevail" but whether that party is "entitled to offer evidence to support the claims." *United States ex rel. Wilkins v. United Health Grp., Inc.*, 659 F.3d 295, 302 (3d Cir. 2011.) The Court's analysis is a context-specific task requiring the

## ANALYSIS

Defendants move for judgment on the pleadings on various grounds. For example, Defendants argue that the claim is barred by the statute of limitations, because the Plaintiff received FMLA documentation on December 4, 2012, and the statute expired two weeks prior to the filing of the action. Additionally, Defendants contend that individual defendants Cicalese Sr., Cicalese Jr., and James Cicalese are not employers under the FMLA, because none of these Defendants had supervisory authority over the Plaintiff. Defendants also argue that there was no adverse employment action taken against Plaintiff, since a change in job assignments would not have

4

dissuaded a reasonable worker from taking a protected action.

Plaintiff first and foremost opposes the motion on grounds that this Court previously denied Defendants' Motion to Dismiss. Additionally, Plaintiff contends that the new arguments and evidence raised in support of the instant Motion for Judgment on the Pleadings requires the Court to improperly consider evidence beyond the four corners of the Amended Complaint, and to make credibility and factual determinations that are more appropriately addressed at the summary judgment with the benefit of discovery.

The Court shall deny Defendants' Motion for Judgment on the Pleadings because the Court has already determined that the Amended Complaint sufficiently establishes a plausible claim to relief, and also because the Court cannot say that the extraneous documents proffered by Defendants are "integral to or explicitly relied upon in the complaint," or that the Amended Complaint is based on these documents. *See In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999).

First, as noted, the Court has already determined that Plaintiff has sufficiently stated a plausible entitlement to relief under all five counts alleged in the Amended Complaint. The Court, therefore, has already resolved that the Amended Complaint states plausible entitlements to relief sufficient to allow this case to proceed to discovery. The Court declines to revisit the adequacy of the Amended Complaint under the law of the case doctrine, which directs courts to refrain from re-deciding issues that were resolved earlier in litigation. *Pub. Interest Research Grp. of New Jersey, Inc. v. Magnesium Elektron*, 123 F.3d 111, 116 (3d Cir. 1997). For example, in *United Cigar-Whelan Stores Corp. v. H. Weinreich Co.*, the court denied the defendant's motion to dismiss, and then the defendant raised affirmative defenses and moved for judgment on the

5

pleadings. 107 F. Supp. 89, 90 (S.D.N.Y. 1952). There, the court found that a denial of defendant's motion to dismiss for failure to state claim upon which relief could be granted to be determinative of defendant's motion for judgment on the pleadings. *Id.* The opinion in the motion to dismiss in the present case is determinative of the motion for judgment on the pleadings as well. The Court disagrees that it would be "an injustice" for the Court to rely on its previous opinion, as Defendants contend. (*See* Reply Br. at 4.) Thus, the motion for judgment on pleadings shall be denied, since the Court has previously determined that the Amended Complaint sufficiently establishes a plausible entitlement to relief under all five counts.

Second, in support of the instant motion, Defendants ask this Court to review a substantial amount of extraneous evidence, including a "Master Contract" between United States Maritime Alliance, Ltd. and International Longshoremen's Association ("ILA") and a Collective Bargaining Agreement between the ILA and New York Shipping Association ("NYSA"). (*See* DeNoia Cert.) The Court may only consider these documents if they are "integral to or explicitly relied upon in the complaint," or if they are "undisputedly authentic" and form the predicate for the complaint. *See In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 184 F.3d at 287. It is not clear the extent to which the documents relied upon by Plaintiff are "integral to or explicitly relied upon," or if and how the complaint is based on them. Indeed, the Amended Complaint does not describe the terms of the Master Contract, the CBA, or any of the other extraneous documents. The Court therefore cannot say that Plaintiff's complaint is "based" on the documents. *See Pension Ben. Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (court considered extraneous purchase and sale agreement where the claim was based on the agreement, and the complaint described its contents). Furthermore, both parties agree that "this entire action hinges upon an alleged

conversation in September 2009" between Valenti and Cicalese Sr, which is not reflected in the extraneous documents. (Mov. Br. at 20; Opp. Br. at 9.) Thus, the documents are undoubtedly relevant, but the Court is not convinced that it is appropriate to substantively consider them at this time. More to the point, in order to find that Defendants are entitled to judgment on the pleadings, the Court would need to make determinations of fact and credibility, which are ill-suited to this early stage of the proceedings. Accordingly, the Court finds that it would be more appropriate to consider the proffered evidence at summary judgment, when the Court has the benefit of a full record.

To be clear, the Court has no opinion on whether Plaintiff "will ultimately prevail" on his claims, but simply finds that the Amended Complaint sufficiently shows a plausible claim to relief such that Plaintiff is "entitled to offer evidence to support the claims." *United States ex rel. Wilkins*, 659 F.3d at 302. Accordingly, the Court will deny the instant motion and revisit the arguments and issues raised here by Defendants in due course, when the evidentiary record has been fleshed out.

## CONCLUSION

For the reasons above, the Court denies Defendants' Motion for Judgment on the Pleadings. (ECF No. 33.) An appropriate Order accompanies this Opinion.

DATED: July 18, 2016

JOSE L. LINARES
UNITED STATES DISTRICT JUDGE